**In the Matter of Dorothea LA PRESS, Bankrupt.**

**Julius GOLDSTEIN, Trustee, Appellee,**

v.

**GENERAL MOTORS ACCEPTANCE CORPORATION, Appellant.**

**No. 118, Docket 27729.**

United States Court of Appeals
Second Circuit.

Argued Nov. 15, 1962.

Decided Nov. 26, 1962.

Leland G. Davis, Buffalo, N. Y. (Thomas I. McElvein and Davis, McElvein & Nesper, Buffalo, N. Y., on the brief), for appellant.

Jules J. Neifach, Buffalo, N. Y., for Trustee, submitted without brief or argument.[1]

Before LUMBARD, Chief Judge, and SWAN and WATERMAN, Circuit Judges.

PER CURIAM.

This appeal presents a very narrow issue, namely, whether the Trustee in Bankruptcy presented evidence adequate to sustain the ruling of the District Court, affirming that of the Referee in Bankruptcy, that the lien of appellant under a contract of conditional sale was void for failure to file the contract in

1. By letter dated October 31, 1962, Mr. Neifach advised the Clerk of the Court that "because there is no other asset in the estate and no money available to the Trustee in Bankruptcy * * * I will have to let the Court decide on the record * * *."

Buffalo, N. Y., after the conditional vendee had removed her residence to that city. We hold the evidence inadequate, and reverse the judgment.

There is no dispute as to the facts. Prior to her bankruptcy, Dorothea La Press on June 8, 1960, purchased under a contract of conditional sale a 1960 Chevrolet automobile. Appellant, as assignee of the conditional vendor, filed the contract with the Town Clerk of Hamburg, N. Y., residence of La Press and situs of the auto. Thereafter, at a date which does not appear, La Press removed to Buffalo, N. Y., and became a resident of that city. Although Buffalo is within a different filing district, the contract was not refiled. In March 1961, La Press was adjudicated bankrupt. The Trustee moved before the Referee in Bankruptcy to avoid appellant's lien on the auto under New York Personal Property Law § 74, claiming appellant's failure to file the contract in accordance with that section; appellant answered by alleging lack of notice of bankrupt's removal, as required by New York Personal Property Law § 73. The Trustee, in support of his motion, introduced an empty envelope, postmarked December 13, 1960, bearing the legend "General Motors Acceptance Corporation," and addressed to Dorothea La Press, 57 Clare Street, Buffalo, N. Y. The Trustee argued, and the Referee held, that the envelope was sufficient to charge appellant with actual knowledge of the bankrupt's removal to Buffalo. The Referee's ruling granting the Trustee's motion was affirmed by the District Court.

■ As the moving party, the Trustee had the burden of proving appellant's lien invalid. If the bankrupt's change of residence occurred after October 1, 1960, amendments to New York Personal Property Law § 73, effective on that date, would have required her to notify appellant of her change of residence in a specified and formal manner;[2] if such notice was given, appellant would under amended § 74 of the same law have had to refile the contract in Buffalo in order to preserve its lien.[3] Thus proof of the date of the change of residence was vital to the Trustee's case. The envelope introduced by the Trustee was postmarked subsequent to the effective date of the amendments. Moreover, it is no evidence whatever on the issue of bankrupt's compliance with amended § 73.[4] Consequently, the Trustee failed to prove the lien invalid.

Order reversed.

2. "§ 73. Unless the contract otherwise provides, the buyer may, without the consent of the seller, remove the goods from any filing district and sell, mortgage or otherwise dispose of his interest in them; but prior to the performance of the condition, no such buyer shall remove the goods or his residence from a filing district in which the contract or a copy thereof is filed, except for temporary uses for a period of not more than thirty days, unless the buyer not less than ten days before such removal shall give the seller personally or by registered or certified mail written notice of the place to which the goods or his residence are to be removed and the approximate time of such intended removal * * *."

3. "§ 74. When, prior to the performance of the condition, the goods or his residence are removed by a buyer from a filing district in this state in which the contract or a copy thereof is filed to another filing district in this state in which such contract or a copy thereof is not filed, or the buyer removes his residence from another state into a filing district in this state where such contract or copy is not filed, the reservation of the property in the seller shall be void as to the purchasers and creditors described in section sixty-five, unless the conditional sale contract or a copy thereof shall be filed in the filing district to which the goods or the buyer's residence are removed, within ten days after the seller has received the written notice required by section seventy-three of the filing district to which the goods or the buyer's residence have been removed."

4. It is unclear whether the envelope even constituted evidence of *actual* notice to appellant of the change of residence. Hamberg is a suburb of Buffalo, and only 10 miles away; the Buffalo address might well have been the bankrupt's business address. In any event, it seems clear that evidence of actual notice alone would be insufficient to show compliance with the formal notice requirements of § 73, as amended.